United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY J. CILETTI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br><br>　　　　Defendant. | Case No. 17-cv-05646-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Docket No. 32 |

Following a successful appeal to this Court, Plaintiff was awarded disability benefits under Title II of the Social Security Act from the Social Security Administration ("SSA"). Currently pending before the Court is Plaintiff's counsel's ("Counsel") motion for attorney's fees pursuant to 42 U.S.C. § 406(b). *See* Docket No. 32 ("Mot."). Section 406(b) caps the attorney's fee award in social security benefit cases like this one to 25 percent of the claimant's past-due disability benefits. The amount that Counsel requests, $35,442.00, is slightly less than the statutory limit. Plaintiff has submitted a declaration in support of Counsel's fee motion, *see* Docket No. 33, and the Commissioner of Social Security takes no position on the reasonableness of the fee request, *see* Docket No. 35.

For the reasons discussed below, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff, a plastic and reconstructive surgeon, applied for social security disability benefits in February 2013. Docket No. 25 at 1. The claim was denied in July 2013 and again upon reconsideration in March 2014. *Id.* Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), who denied Plaintiff's claim in April 2016. *Id.* The Social Security Appeal Council denied Plaintiff's request to review the ALJ's decision in July 2017. *Id.* Plaintiff then

United States District Court
Northern District of California

1  appealed the ALJ's decision to this Court. He entered into a contingency fee agreement with
2  Counsel that provided for a fee of 25 percent of his past-due benefits in the event that he prevailed.
3  Mot. at 2.
4      In June 2018, this Court granted Plaintiff's motion for summary judgment, finding that the
5  ALJ's decision was not supported by substantial evidence, and that Plaintiff is disabled and
6  entitled to benefits. *See* Docket No. 25 at 23–24. Upon remand, the SSA awarded Plaintiff
7  disability benefits and informed him that it was withholding 25 percent of his past-due benefits in
8  the amount of $37,748.25 for the payment of attorney's fees pursuant to § 406(b). Mot. at 2. On
9  August 31, 2018, the Court approved an award of attorney's fees to Counsel under the Equal
10 Access to Justice Act ("EAJA") in the amount of $12,000. *See* Docket No. 30.

## II.    LEGAL STANDARD

Attorneys representing individuals in social security proceedings may seek fees for their work under both the EAJA and § 406(b). While an award under EAJA is paid by the government, an award pursuant to § 406(b) is paid out of a successful claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing § 406, Congress sought "to protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). If a court awards fees under both the EAJA and § 406(b), the attorney must reimburse the claimant the amount of the smaller fee. *Id.* at 796.

The Supreme Court in *Gisbrecht* explained that § 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Even if a fee request under § 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is

2

responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). The court should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151. The reasonableness determination is not governed by the lodestar method, because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1150. However, "the court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges[,] . . . . but *only as an aid* in assessing the reasonableness of the fee." *Id.* (emphasis in original).

### III. DISCUSSION

The fee agreement between Plaintiff and Counsel provides for a contingency fee of 25 percent of past-due benefits awarded to Plaintiff. *See* Rizzo Decl., Exh. A (fee agreement). The agreement, and actual fees requested, thus fall within the 25 percent limit set forth in § 406(b). *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003) ("[T]he request is within the statutory and contract-based maximum of 25% of past-due benefits."). Looking to the reasonableness factors specified in *Gisbrecht*, "[n]othing . . . suggests that [Counsel's] performance was anything other than excellent." *Crawford*, 586 F.3d at 1151. Whereas Plaintiff had previously been denied benefits at four stages of the administrative review process, Counsel was able to secure a substantial award for Plaintiff through this appeal, including $150,993 in past-due benefits, ongoing benefits, and auxiliary benefits for his minor son. *See* Mot. at 4. Counsel also did not delay proceedings; she helped Plaintiff prevail on summary judgment less than eight months after this appeal was filed. *See Crawford*, 586 F.3d at 1151 ("[N]o reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which

3

resulted in an undue accumulation of past-due benefits.").

Whether Counsel's fee motion is reasonable thus turns on whether it seeks "benefits that are not in proportion to the time spent on the case." *Id.* Counsel seeks $35,442.00 in fees, which amounts to 23.47% of Plaintiff's total past-due benefits of $150,993.[1] Counsel represents that she spent 84.2 hours working on this case. *See* Docket No. 34 ("Rizzo Decl.") ¶ 4; *id.*, Exh. D (billing records). This translates to a de facto hourly rate of $420.93 (*i.e.*, $35,442 ÷ 84.2 hours).[2] Courts in this District after *Gisbrecht* have commonly approved § 406(b) awards for de facto hourly rates in the $400 to $600 range. *See, e.g.*, *Harrell v. Berryhill*, No. 16-CV-02428-MEJ, 2018 WL 4075883, at *4 (N.D. Cal. Aug. 27, 2018) (awarding rate of $600 per hour); *White v. Colvin*, No. 14-CV-05584-EMC, 2016 WL 5358587, at *3 (N.D. Cal. Sept. 26, 2016) ($598.14 per hour); *Hearn*, 262 F. Supp. 2d at 1036 ($450 per hour); *see also Crawford*, 586 F.3d at 1153 (Clifton, J., concurring in part and dissenting in part) (noting the court was approving hourly rates of $519, $875, and $902).

The requested hourly rate of $420.93 in this case is reasonable given the circumstances. To prevail on summary judgment, Counsel reviewed an extensive administrative record and identified several material errors by the ALJ, including the ALJ's failure to properly credit Plaintiff's testimony and physicians' opinions about Plaintiff's migraine headaches and knee injury, improper decision to afford "great weight" to another examining physician, and incorrect conclusion about Plaintiff's ability to perform work. *See* Docket No. 25. Moreover, "a substantial risk of loss jeopardized [Plaintiff]'s case from the beginning," as reflected in the fact that his "disability claim had already been denied in whole . . . at several levels of agency review prior to the initiation of the civil action in federal court." *Hearn*, 262 F. Supp. 2d at 1036–37. Counsel, in agreeing to a contingency fee arrangement, "assumed the risk of receiving nothing for h[er] time and effort if [P]laintiff was unsuccessful." *Id.* at 1037. Accordingly, a de facto hourly rate that

---

[1] The SSA informed Plaintiff that 25 percent of his past-due benefits amounts to $37,748.25. Therefore, the total amount of his past-due benefits is $150,993 (*i.e.*, $37,748.25 ÷ 0.25).

[2] Counsel states that the de facto hourly rate is "approximately $505.00," but this appears to be an erroneous calculation. Mot. at 6.

4

may be higher than the standard hourly rate Counsel would otherwise charge is justified. *See id.* (noting that, post-*Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees is **GRANTED** in the amount of $35,442.00, to be paid out of the sums withheld by the SSA from Plaintiff's benefits. Counsel is further **ORDERED** to reimburse Plaintiff for the $12,000 in fees previously paid by the Government under the EAJA.

This order disposes of Docket No. 32.

**IT IS SO ORDERED**.

Dated: January 9, 2019

_____
EDWARD M. CHEN
United States District Judge